Nov. Term,
1858.

Swope
v.
The State.

and by him assigned to the plaintiff. *Elliott* was the president of the road. The note was *prima facie* valid.

Process in the case was served on *R. G. Hedrick*, alleged, in the return, to be an agent of the company, and there was judgment by default. The writ and return are in the record. The record also states that, "it appearing to the satisfaction of the Court that the plaintiff's complaint had been filed, and the summons issued thereon duly served by the sheriff on the defendant, more than ten days," &c., "and it further appearing," &c., "it is considered," &c.

There was judgment by default for the plaintiff. We think it appears, *prima facie*, that the service was good. *The New Albany and Salem Railroad Co.* v. *Haskell*, at this term (1).

If the corporation was not chartered in *Indiana*, or its principal office was out of the state, or if it had no office in *Cass* county, it should have been shown by the defendant.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. D. Pratt*, for the appellants.

(1) *Ante*, 301.

---

## Swope *v.* The State.

Saturday,
December 11.

APPEAL from the *Grant* Court of Common Pleas.

*Per Curiam.*—Prosecution for violation of the liquor law of 1855.

The judgment is reversed.

*J. Brownlee*, for the appellant.

*R. S. St. John*, for the state.